PHILLIPS and Others *v.* RICARDS and Another.

A decree of foreclosure which directs that the whole instead of only a part of the mortgaged premises shall be sold to satisfy the mortgage-debt, will be held to be correct where it does not appear that the premises were worth more than the amount of the debt.

APPEAL from the *Jefferson* Circuit Court.

BLACKFORD, J.—This was a bill in chancery, filed in 1849 by *Ricards* and *Hoffman*, to foreclose a mortgage, which mortgage was on a lot in the city of *Madison*. *William H. Phillips*, the mortgagor, was one of the defendants. *Robert Phillips, John I. Phillips, James W. Phillips*, and *Robert W. Phillips*, to whom said mortgagor had, subsequently to said mortgage, mortgaged the same lot, were also defendants. *Oliver S. Pitcher*, to whom said mortgagor had mortgaged the same lot subsequently to the last-mentioned mortgage, was also a defendant.

*Monday,
May 31.*

The complainants' mortgage, as the bill states, was executed on the 24th of *May*, 1848, and was given to secure the payment of three notes of hand; one of which notes had been paid before the bill was filed. The others were due.

The bill alleges the second mortgage to have been exe-

cuted about the 22d of *December*, 1848, and the third about the 7th of *March*, 1849.

There was a decree *pro confesso* against the mortgagor, and also against the mortgagees of the second mortgage.

*Pitcher*, the mortgagee of the third mortgage, filed an answer stating there was due on his mortgage about the sum of 1,500 dollars, and praying that the mortgagor might answer as to the amount due, and that the premises might be sold to pay off this third mortgage.

The cause was submitted to the Court on the bill, answer of *Pitcher*, and the exhibits.

The Court, at the *March* term, 1850, decreed as follows:

That there was due to the complainants on their mortgage the sum of 653 dollars and 52 cents; and that the mortgagor should pay the same on or before the 9th of *September* then next following; that if such payment were not made, the premises should be sold, &c., and the surplus money, after paying the complainants' demand and the costs of sale, be brought into Court to await its further order.

It was also decreed that the subsequent mortgagees might, at any time before said sale, pay off the said sum due the complainants; and that, in case of such payment, the sale should not be made.

It was also ordered that the answer and cross-bill of *Pitcher* should stand for further hearing; that the complainants recover their costs of the mortgagor, and that the cause be continued.

The first objection made to this decree is, that there was no answer to *Pitcher's* cross-bill. There was nothing, however, in that cross-bill, if it can be so called, for the complainants to answer, nor does it call upon them to answer it.

The second objection made to the decree is, that it directs a sale of the whole, instead of only a part, of the mortgaged premises. It is a sufficient answer to this objection, that it does not appear that the premises were worth more than the amount of the debt.

The unpaid notes and the mortgage were the only evidence in the cause. The decree fixes correctly the amount of the debt, gives the defendants a reasonable time to redeem, and orders a sale in case of non-payment. It appears to us that the decree is right.

*Per Curiam.*—The decree is affirmed, with 6 *per cent.* damages and costs.

*J. W. Chapman,* for the appellants.

*J. Sullivan,* for the appellees.